### ENGINEER CO. v. BLAISDELL CANADY CO.

(Circuit Court of Appeals, Second Circuit. January 12, 1915.)

#### No. 175.

PATENTS ☞294—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The granting of a preliminary injunction against infringement of a patent was within the discretion of the court, where the defendant, although denying present infringement, admitted the making and selling of articles which were adjudged to infringe in a suit against a user.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 473; Dec. Dig. ☞294.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon an appeal from an order of the District Court, Southern District of New York, granting a preliminary injunction. The suit is for alleged infringement of United States letters patent No. 817,438 and No. 826,349, for method of regulation of furnaces.

G. W. Case, Jr., of New York City, for appellant.
J. Edgar Bull, of New York City, for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. Complainant brought suit for infringement of these same patents against the Hotel Astor, which was the user of a particular furnace regulator, which it was alleged infringed the patent. That suit was defended by the defendant in this suit, which makes devices which complainant contends infringe its patent. In the suit against the Hotel Astor infringement was found, and decree on final hearing was entered in favor of complainant.

Upon the hearing of motion for preliminary injunction in the suit at bar an affidavit filed in support asserts that defendant is offering for sale the same system and apparatus that was found to infringe in the Hotel Astor suit. An affidavit in answer to this charge made by defendant's president denies that it is offering to and installing for its customers the same system and apparatus, and alleges that defendant's present apparatus differs materially from the apparatus installed in the Hotel Astor. This affidavit, however, admits that it was this defendant which installed the apparatus in the Hotel Astor. That being so, an act of infringement stood conceded on the record, and it was not an abuse of discretion for the District Judge to grant preliminary injunction. The circumstance that defendant is now mak-

ing and selling devices so different from the one which it admitted it installed that they do not infringe is immaterial. If they do not infringe, the injunction will not cover them.

The order is affirmed, with costs of appeal.